UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN P. CHAVEZ,<br><br>                    Plaintiff,<br><br>        -against-<br><br>DANIEL DEFALCO, LMSW, SENIOR CASE MANGER, et al.,<br><br>                    Defendants. | 21-CV-3497 (LTS)<br><br>ORDER DIRECTING ORIGINAL SIGNATURE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. He submitted his complaint and completed request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees without proper signatures. Rather, Plaintiff, using what appears to be a stamp, placed on the signature lines of the complaint and IFP application the words "@artsmediaink," along with a hand-drawn symbol.

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

To cure the complaint's lack of signature, within thirty days of the date of this order Plaintiff is directed to complete, sign, and submit to the Court a declaration form in which he attest that he is the party who brings this action. Plaintiff is also directed to resubmit to the Court his IFP application with a proper signature. A declaration form and a copy of Plaintiff's IFP application are attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 3, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                        Chief United States District Judge