```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
JUAN P. CHAVEZ,

                Plaintiff,              MEMORANDUM AND ORDER
                                         21-CV-6293 (KAM)
        -against-

DANIEL DEFALCO, Senior Case Manager
(MSW); DOES; NYC HOUSING AUTH.;
CITY OF NEW YORK,

                Defendants.
------------------------------------x
```
KIYO A. MATSUMOTO, United States District Judge:

Plaintiff Juan P. Chavez, proceeding *pro se*, brought this action in the United States District Court for the Southern District of New York, which subsequently transferred the case to this court. (ECF No. 2 ("Compl."); ECF No. 7 ("Transfer Order").) For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* is GRANTED, the complaint is DISMISSED for failure to state a claim, and Plaintiff is GRANTED 30 days leave from the date of this order to file an amended complaint.

## BACKGROUND

Plaintiff's claims concern his treatment at Renaissance Men's Shelter in Brooklyn, New York ("Renaissance"), which is operated by Services for the Underserved, Inc. Plaintiff names as Defendants Daniel DeFalco, a senior case manager at Renaissance, the New York City Housing Authority, and the City of New York. (Compl. at 4.) Plaintiff alleges violations of his rights under

the Fourth and Eighth Amendments to the Constitution and also brings a claim under 42 U.S.C. § 1981. (*Id.* at 2.)

The complaint asserts that Defendant DeFalco "and his consorts" have invaded Plaintiff's privacy and deprived him of food, shelter, and the opportunity for employment. (*Id.* at 5.) Included with the complaint is an exhibit containing emails regarding Plaintiff's requests for late passes to enter Renaissance after 10:00 PM so that he could attend a musical performance. (*Id.* at 15-22.) The emails reflect that Plaintiff's requests were denied because he failed to provide documentation showing that the late passes were necessary to accommodate paid employment. (*Id.*)[1]

Plaintiff further asserts that Services for the Underserved "conspir[ed] with paramedics to force inject those who ask to move up the chain . . . with psychotropics & antihistamines . . . ." (Compl. at 5.) Finally, Plaintiff alleges that Services for the Underserved has "refus[ed] to provide housing benefits to those who are in most need" and has "contribut[ed] to mass, pervasive K-2 drug use." (*Id.*) Plaintiff requests that the court grant the chronically homeless housing and assign Plaintiff to a "non-MICA shelter." (*Id.* at 6).

---

[1] The exhibit also contains emails regarding the rescheduling of a case conference at Renaissance with Plaintiff (*see, e.g.*, Compl. at 9-14), as well as unrelated filings from cases commenced by Plaintiff in the U.S. District Court for the Northern District of Texas. (*Id.* at 52-90.)

2

**STANDARD OF REVIEW**

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Pursuant to the *in forma pauperis* statute, however, a district court must dismiss a case when the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (alteration original) (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Though Plaintiff invokes 42 U.S.C. § 1981, because Plaintiff alleges violations of his constitutional rights and invokes the court's federal question jurisdiction (Compl. at 2), the court first considers whether Plaintiff states a claim against Defendants under 42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must plausibly allege that: (1) the challenged conduct was "committed by a person acting under color of state law"; and (2) the challenged conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Here, Plaintiff fails to plausibly allege that Defendant DeFalco acted under color of state law.  Mr. DeFalco is an employee of Services for the Underserved, a private, not-for-profit social services agency that provides mental health treatment and housing

4

assistance to individuals in need.[2]  "[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, 2020 WL 1043305, at *4 (E.D.N.Y. Mar. 4, 2020) (citation omitted; alteration original).  Plaintiff does not allege that Defendant DeFalco acted under color of state law and, moreover, there are no facts in the complaint that, even on a liberal reading, demonstrate that the actions of Defendant DeFalco may be "fairly attributable" to the state.  *See Carter v. [Renaissance] Men's Shelter*, 2013 WL 308685, at *2 (E.D.N.Y. Jan. 25, 2013) (dismissing Section 1983 claims against private organization and staff operating Renaissance Men's Shelter due to lack of state action); *see also, e.g.*, *Joseph v. Row Hotel*, 2021 WL 2400948, at *3 (E.D.N.Y. June 11, 2021) (dismissing Section 1983 claims against private homeless shelters due to lack of state action).  Accordingly, Plaintiff fails to state a claim against DeFalco under Section 1983.

Further, Plaintiff fails to allege facts that state a claim against the City of New York and the New York City Housing Authority under Section 1983.  To state a claim against a municipality under Section 1983, the plaintiff must plausibly

---

[2] *See* Our Services, Services for the Underserved, https://sus.org/our-services (last visited Oct. 4, 2022).

5

allege: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (citation omitted). Here, Plaintiff makes no factual allegations against the City of New York or the New York City Housing Authority. Because Plaintiff fails to allege the existence of a policy or custom that caused a violation of his constitutional rights, the complaint fails to state a claim for municipal liability against the City of New York and the New York City Housing Authority under Section 1983.

Finally, Plaintiff fails to plausibly allege that the Defendants violated Section 1981. (*See* Compl. at 2.) To state a claim under Section 1981, a plaintiff must allege: "(1) [that he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute," including the making and enforcement of contracts. *Bentley v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) (quoting *Milan v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam)); *see also Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media, Inc.*, 140 S. Ct. 1009, 1019 (2020) ("[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally protected

6

right.").[3] Plaintiff does not allege that he is a member of a racial minority and has not pleaded that Defendants discriminated against him on the basis of his race.

In addition, Plaintiff fails to adequately plead that he was discriminated against with respect to an enumerated activity, such as the making and enforcement of contracts under Section 1981. Liberally construed, Plaintiff appears to be complaining about the denial of late passes to enter Renaissance after 10:00 PM so that he could attend an event. Plaintiff was repeatedly informed that he failed to present adequate documentation that the late passes were necessary to accommodate paid employment, and was told that "if you were performing [at the event] we would need to see a contract with the club, band, and/or promoter to document that this was paid employment." (Compl. at 20.) Thus, far from embracing a plausible allegation that Plaintiff was prevented from "mak[ing] and enforc[ing]" contracts, 42 U.S.C. § 1981, Plaintiff was encouraged to enter into a contract or otherwise provide documentation of his paid employment in order to obtain a late pass. Moreover, Plaintiff was not prevented from attending the performances that he wished to attend, but rather was simply informed that he would lose his bed at Renaissance if he failed to

---

[3] Section 1981 does not provide a private right of action against state actors. *Duplan v. City of New York*, 888 F.3d 612, 616 (2d Cir. 2018) ("42 U.S.C. § 1983 provides the sole cause of action available against state actors alleged to have violated § 1981.").

7

check in before 10:00 PM. (Compl. at 19.) Accordingly, the court concludes that the complaint fails to state a claim under Section 1981.

In light of the court's obligation to liberally construe *pro se* complaints, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the court will grant Plaintiff 30 days leave from the date of this order to file an amended complaint. If Plaintiff wishes to proceed with his Section 1983 claims against Defendant DeFalco, he must plead facts giving rise to a plausible allegation that Defendant DeFalco acted under color of state law. If Plaintiff wishes to proceed with his Section 1983 claims against the City of New York and the New York City Housing Authority, he must plead facts giving rise to a plausible allegation that those Defendants had an official policy or custom that caused a deprivation of Plaintiff's rights under federal law. The court declines to grant leave to amend as to the Section 1981 claim because the court concludes that doing so would be futile. As explained above, none of the facts included in the complaint or its attachments suggest that Plaintiff was discriminated against based on his race with respect to any enumerated activity, including the making and enforcement of contracts. *See, e.g.*, *Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) ("Although district judges should, as a general matter,

8

liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile.")

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days leave from the date of this memorandum and order to file an amended complaint with respect to his Section 1983 claims only. If Plaintiff fails to file an amended complaint within the thirty-day period allowed, or fails to cure the deficiencies identified in this memorandum and order, judgment shall enter dismissing this action with prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve a copy of this memorandum and order on Plaintiff and note service on the docket.

SO ORDERED.

/s/ Kiyo A. Matsumoto
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated: October 7, 2022
       Brooklyn, New York

9